IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DENNIS VOIGT

           Plaintiff,

                          No. 03:10-CV-1529-HZ

                          FINDINGS OF FACT &
                          CONCLUSIONS OF LAW

    v.

UNITED STATES OF AMERICA,
by and through the United States Forest Service,
a federal agency within
the United States Department of Agriculture

           Defendant.

Mike Kilpatrick
KILPATRICKS
P.O. Box A
MP 117, Highway 395 North
Mt. Vernon, OR 97865

       Attorney for Plaintiff

Page | 1 – FINDINGS OF FACT & CONCLUSIONS OF LAW

Ronald K Silver
UNITED STATES ATTORNEYS OFFICE
1000 SW Third Ave., Ste 600
Portland, OR 97204-2902

    Attorney for Defendant

HERNANDEZ, District Judge:

Dennis Voigt ("Plaintiff" or "Voigt") brings a claim for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80.  Plaintiff suffered injuries when he fell from a ladder ("Access Ladder") located on the property of the United States of America ("Defendant").  Plaintiff alleges Defendant was negligent in failing to warn him about the unsafe condition of the Access Ladder, failing to prevent him from using the Access Ladder when Defendant knew it was not safe, and failing to secure the Access Ladder so it was safe to use.

## FINDINGS OF FACT

At the time of his injury, Plaintiff had been a licensed electrician for approximately twenty years.  On January 11, 2008, Plaintiff went to Defendant's property to provide an estimate for an electric project associated with a workout room ("Wellness Room") located in what is referred to as the Timmons warehouse (the "Warehouse").[1]  After arriving at Defendant's property on January 11, 2008, Plaintiff was met by Lance Delgado ("Delgado"), Defendant's District Fire Management Officer.  Delgado took Plaintiff to the Warehouse and showed Plaintiff where the electrical work needed to be done in the Wellness Room.[2]  Plaintiff told Delgado that he needed to gain access to the roof ("Roof") of the Wellness Room.

---

[1] The Warehouse is leased by the United States Forest Service ("USFS") and located in the Malheur National Forest, Prairie City Ranger District.

[2] Before arriving at Defendant's property, Plaintiff had a beer at lunch.  Plaintiff's consumption of alcohol at lunch that day did not play a role in his accident.

Page | 2 – FINDINGS OF FACT & CONCLUSIONS OF LAW

The Roof was used for storage and was completely enclosed by a wooden railing, except for a narrow portion where the Access Ladder needed to be placed (the "Access Spot"). The Access Ladder was wooden and had metal brackets near the top, which when properly placed in the Access Spot, sat atop the Roof.[3] The Access Ladder had rotating "feet" at its base ("Feet") which allowed the bottom of the Access Ladder to be flush with the floor when it was properly placed in an angled position in the Access Spot. The metal brackets near the top and the Feet at the bottom of the Access Ladder were additions Defendant had made. The Access Ladder did not have a weight rating attached to it.

The Access Ladder was stored outside the Wellness Room, but near the Access Spot. Specifically, the Access Ladder was hung vertically by its metal brackets from a metal rack ("Pallet Rack")[4] located to the right of the Access Spot. In its hanging position, the Feet of the ladder were approximately six to ten inches off the ground. If Plaintiff had successfully ascended the Access Ladder in its stored position, Plaintiff would have ended up a few feet away from the Access Spot and would have ended up with his left shoulder closest to the railing on the Roof and facing away from the Access Spot. In addition, if Plaintiff had successfully ascended the Access Ladder in its stored position, he would have had to turn ninety degrees to his left and climb over or through the railing to access the Roof.

Delgado pointed to the Access Spot and told Plaintiff that was where Plaintiff needed to go up. Delgado also pointed to the Access Ladder telling Plaintiff that was the ladder he was to use. Delgado, however, did not tell Plaintiff that the Access Ladder needed to be moved to the

---

[3] The Access Ladder was destroyed soon after Plaintiff was injured and was no longer in existence at the time of trial.
[4] The Pallet Rack was used to store wooden pallets.

Page | 3 – FINDINGS OF FACT & CONCLUSIONS OF LAW

Access Spot because he thought it was "self-explanatory" considering Plaintiff's experience as an electrician.

A small John Deere tractor ("Tractor") was parked outside the Wellness Room where the Access Ladder needed to be placed for Plaintiff to gain access to the Access Spot. Because the Tractor needed to be moved, Delgado told Plaintiff to wait until he had moved the Tractor. Plaintiff did not hear what Delgado had said about the Access Ladder, Access Spot, or need to move the Tractor. Instead, Plaintiff testified that he simply asked Delgado if the Access Ladder would support his weight, and only heard Delgado's answer that it would. Delgado testified that he assumed Plaintiff had asked this question in reference to when the Access Ladder was placed in the Access Spot, not when it was hanging from the Pallet Rack.

When Delgado had turned away from Plaintiff and was pushing the Tractor away from the Access Spot, Plaintiff began to ascend the Access Ladder while it was still hanging from the Pallet Rack. Plaintiff noticed that the Feet of the Access Ladder were approximately six to ten inches off the ground and did not attempt to pull, shake, lift, or otherwise move the Access Ladder to determine whether it could support his weight. After ascending a few rungs, the Access Ladder fell, causing Plaintiff to fall and break his fibula and tibia in his lower left leg.

## CONCLUSIONS OF LAW

**I. The Federal Tort Claims Act**

The FTCA waives the federal government's sovereign immunity for tort claims arising from the negligence of government employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1). Under the FTCA, a plaintiff may sue the government "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); see also

Terbush v. United States, 516 F.3d 1125, 1128 (9th Cir. 2008) (citing 28 U.S.C. § 1346(b)(1)). Because the law of the place where Defendant's alleged acts or omissions occurred is Oregon, Oregon law applies in this action. See Oberson v. USDA, 514 F.3d 989, 999 (9th Cir. 2008) ("[I]n assessing liability under the FTCA, court applies the law of the state in which the alleged tort occurred".).

## II. Common Law Negligence and Comparative Fault

"Negligence is conduct falling below the standard established for the protection of others, or one's self, against unreasonable risk of harm. The standard of care is measured by what a reasonable person of ordinary prudence would, or would not, do in the same or similar circumstances." Woolston v. Wells, 297 Or. 548, 557 (1984) (citation omitted). Oregon's leading case on negligence holds that in common-law negligence actions, a defendant's liability for a plaintiff's injury depends not on whether defendant owed a duty to the plaintiff, but on whether the defendant's conduct "unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff." Fazzolari v. Portland School Dist. No. 1J, 303 Or. 1, 17-18 (1987). With respect to premises liability, "Oregon follows the traditional rules governing landowner liability, under which the duty that a landowner owes to a person who comes on land depends on whether the person is an invitee, licensee, or trespasser." Stewart v. Kralman, 240 Or. App. 510, 517 (2011). "[A] claim which invokes the obligations of a possessor of land to an invitee or licensee has invoked a 'special relationship' that takes the claim out of the generalized standards of common law negligence." See Thompson v. Klimp, 101 Or. App. 127, 130 (1990). "The critical status of plaintiff is not that held by plaintiff upon entry onto the premises, but that held at the moment of injury." Taylor v. Baker, 279 Or. 139, 148 (1977) (citation omitted).

Page | 5 – FINDINGS OF FACT & CONCLUSIONS OF LAW

Both parties agree that Plaintiff was a business invitee when he initially came to the Warehouse. Defendant, however, contends Plaintiff's status changed to that of a licensee when Plaintiff made the decision to ascend the Access Ladder.[5] "A possessor of land has the duty to warn an invitee of latent dangers and to "'protect the invitee against dangers in the condition of the premises about which the [possessor] knows or reasonably should have known.'" Towe v. Sacagawea, Inc., 246 Or. App. 26, 34 (2011) (citing Johnson v. Short, 213 Or. App. 255, 260 (2007)). "With respect to a licensee, a possessor of land may be liable for injury resulting from a condition on the land only if

> (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
>
> (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
>
> (c) the licensees do not know or have reason to know of the condition and the risk involved."

Id. (some internal quotation marks omitted).

Based on a preponderance of the evidence, I conclude that at the time of Plaintiff's injury, Plaintiff was a business invitee. As a possessor of land to an invitee, here Plaintiff, Defendant acted negligently by failing to warn Plaintiff of the latent danger associated with the Access Ladder and by failing to protect Plaintiff against the danger associated with the Access Ladder which Defendant reasonably should have known.

---

[5] "An invitee is one who comes upon the premises upon business which concerns the occupier, with the occupier's invitation, express or implied." Towe v. Sacagawea, Inc., 246 Or. App. 26, 35 (2011) (citation and quotation marks omitted). "Unlike an invitee, a licensee is one who with the [possessor's] permission, comes upon premises for the licensee's own purposes, often social." Id.

Page | 6 – FINDINGS OF FACT & CONCLUSIONS OF LAW

Defendant contends that even though it was negligent, Plaintiff should be barred from any recovery because Plaintiff's injuries resulted more from his own negligence rather than Defendant's, citing ORS 31.600.  Oregon "has abolished both contributory negligence and implied assumption of the risk as defenses and has replaced them with comparative fault." Maas v. Willer, 203 Or. App. 124, 129 (2005) (citing ORS 31.600).  ORS 31.600 provides as follows:

> Contributory negligence shall not bar recovery in an action by any person . . . to recover damages for . . . injury to person or property if the fault attributable to the claimant was not greater than the combined fault of all persons specified in subsection (2) of this section, but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the claimant.

ORS 31.600(1).

ORS 31.600(2) states that "[t]he trier of fact shall compare the fault of the claimant with the fault of any party against whom recovery is sought . . . ."  Thus, under ORS 31.600, comparative fault bars Plaintiff's recovery if Plaintiff's fault is greater than Defendant's.  ORS 31.600(1); see also Bloodsworth v. U.S., No. CV 08-522-SU, 2010 WL 170261, at *4 (D. Or. 2010) ("Plaintiff is not entitled to recover any damages if the court finds that [plaintiff] is more than fifty percent at fault for [his] injuries.") (Citing ORS 31.600).

Based on a preponderance of the evidence, I conclude that Plaintiff's acts were not reasonable under the circumstances and that Plaintiff was more than fifty percent at fault for his injuries.  Here, Plaintiff acted negligently during his meeting with Delgado when he failed to pay attention to Delgado and failed to hear Delgado's explanation concerning how Plaintiff was to access the Roof via the Access Spot and Access Ladder.  Plaintiff also acted negligently when he failed to pay attention to Delgado and failed to hear Delgado's instruction that Plaintiff wait until Delgado had moved the Tractor.  Although Delgado told Plaintiff that the Access Ladder would support Plaintiff's weight, Plaintiff again acted negligently by ascending the Access Ladder

Page | 7 – FINDINGS OF FACT & CONCLUSIONS OF LAW

without testing it in any way whatsoever–including shaking, lifting, or moving the Access Ladder–to determine whether it could in fact support his weight.  Finally, Plaintiff was negligent in not appreciating the peculiarity of the situation–including the fact that the Feet attached to the Access Ladder hovered approximately six to ten inches off the ground and that even if he had ascended the Access Ladder to the top, he would still have had to turn ninety degrees to his left and climb over or through the railing to gain access to the Roof.

In sum, although the preponderance of the evidence shows that both Defendant and Plaintiff were negligent, the preponderance of the evidence also shows that Plaintiff was more than fifty percent at fault for his injuries.  Accordingly, Plaintiff is not entitled to recover any damages.

## CONCLUSION

Having weighed, evaluated, and considered the evidence presented at trial, I render the following verdict: In favor of Defendant on its affirmative defense of comparative fault on the basis that Defendant proved by a preponderance of the evidence that Plaintiff was more than fifty percent at fault for his injuries.  Plaintiff is not entitled to recover any of the damages he seeks.

IT IS SO ORDERED.

Dated this 11th day of June, 2012.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge